TORREY *v.* TOLEDO PORTLAND CEMENT CO.

1. CORPORATIONS — RIGHTS   OF   STOCKHOLDERS — REDRESS   IN
   EQUITY.
   The rule that redress must be sought through the corporation before individual stockholders can seek redress in equity does not apply to a case in which the officers are charged with fraud from the beginning, it being useless to ask the officers to cause suits to be brought against themselves or directly against their own interests.

2. SAME—EQUITY JURISDICTION—FRAUDULENT INCORPORATION.
   A stockholders' bill which alleges that sections 7038, 7042, and 7051, 2 Comp. Laws, were ignored in organizing and conducting defendant corporation, in that 10 per cent. of the capital stock was not paid in by the incorporators, and an assistant secretary and assistant treasurer were appointed, upon whom were imposed all the duties of the offices of secretary and treasurer, and their offices located outside this State; that complainants, resident stockholders, were deceived and defrauded; that the officers are conniving with certain creditors to obtain title to the property of the corporation; that a fraudulent attempt was made to throw the company into bankruptcy, and that the original incorporators are responsible for the situation; that the officers of the company have abandoned it, and are taking no steps to save it; and that the value of the property is largely in excess of the amount necessary to pay the debts, states a case for equitable relief.

Appeal from Washtenaw; Kinne, J.   Submitted October 11, 1907.  (Docket No. 36.)   Decided November 5, 1907.

Bill by Orlando L. Torrey and others against the Toledo Portland Cement Company, William Watts, and others, for the appointment of a receiver of defendant corporation, for an accounting, and for general relief.   From an order overruling the demurrer of defendant Watts, he appeals.  Affirmed.

*A. F. & F. M. Freeman*, for complainants.

*A. J. Sawyer & Son* (*Shunck & Thompson*, of counsel), for appellant.

The complainants in this case, 35 in number, allege that they are stockholders of the Toledo Portland Cement Company; that they are residents of Washtenaw county; that said company is organized under the laws of this State; that its capital stock was $500,000; its place of business at Manchester, Washtenaw county; the purpose of the organization was the manufacture and sale of Portland cement; that its plant was to be erected in or near the village of Manchester, with a railroad to its marl bed, a few miles distant; that in its articles of association, filed with the secretary of State, it reported $50,000 of the capital stock paid in; that none of said capital stock was in fact paid in.   The bill gives the names and residences of the original stockholders, nine in number, only one of whom was a resident of Michigan, and alleges that a complete list of the stockholders is attached to the bill.   It gives the names and residences of all the officers and directors of the company; alleges that one Frederick Steinkohl is its secretary, and one Wuerthner is its treasurer, both residents of Manchester, and have held such offices since the organization of the company; that the citizens of Manchester subscribed $3,800 for the purchase of land for a site for the company; that said lands were

purchased; that the officers sold stock to a considerable amount to various parties in Manchester and other places; that large buildings were erected, and machinery, appliances, and apparatus placed therein designed for the manufacture of cement; that the aggregate of such expenditures was about $100,000; that in 1904, no more of the capital stock could be sold, and an attempt was made to bond the company for $500,000; that only $3,000 of said bonds were sold at the price of $1,750; that a trust deed to secure said loan was made to the International Savings & Trust Company of Pittsburg, Pa.; that the officers have abandoned all work; that no one is in charge of the property; that the taxes are not paid; that suits have been instituted and judgments obtained against the company, and levies made; that the debts of the corporation amount to about $14,000; that the directors filed a petition in bankruptcy in the district court of the United States for the eastern district of Michigan; that their petition was denied by the court on the ground that they were not insolvent; that no books of account or moneys, or funds of any kind, are now or ever have been in the possession of the secretary and treasurer above named; that the only record of any papers relating to the conduct and organization of the company, found in the possession of the secretary and treasurer, were the following, purporting to be some of the rules and regulations of the company:

"SECRETARY.

"ARTICLE VII.

"SEC. 1. The secretary of this corporation shall be a resident of the village of Manchester, Michigan, and shall perform such duties as the laws of Michigan prescribe for the secretary of a corporation of that State.

"TREASURER.

"ARTICLE VIII.

"SEC. 1. The treasurer of this company shall be a res-

ident of the village of Manchester, Michigan, and shall perform such duties as the laws of Michigan prescribe for the treasurer of a corporation of that State.

## "ASSISTANT SECRETARY.

### "ARTICLE IX.

" SEC. 1. The board of directors recognizes and empowers the assistant secretary as the practical, acting secretary and puts upon said assistant secretary all the duties and responsibilities in detail appertaining to the office as secretary of this company. .

" SEC. 2. The assistant secretary shall sign all certificates of stock; he shall audit and approve as correct all statements of account with the company, and without his signature or approval no voucher check of this company shall be payable; he shall receive for accounting and deposits all moneys paid to this company, and shall give to the company such bond and in such amount as the board of directors will order.

" SEC. 3. The assistant secretary shall perform such other duties, which are defined in the by-laws of the corporation, as would fall upon the secretary, or in his absence upon the assistant secretary.

## "ASSISTANT TREASURER.

### "ARTICLE X.

"SEC. 1. The board of directors recognizes and empowers the assistant treasurer as the practical, acting treasurer and puts upon said assistant treasurer all the duties and responsibilities in detail appertaining to the office of treasurer of this company.

" SEC. 2. The assistant treasurer shall sign all voucher checks of this company for the amount of bills, notes or other obligations, and without his signature no voucher check of this company shall be payable. He shall be responsible for the keeping and disbursement of the company's moneys, and shall give the company such bond and in such amount as the board of directors may order. He shall be a member of the finance committee of the board."

That Mr. Wuerthner, the treasurer, and the counsel

for the complainants went to Toledo, the headquarters of the corporation, to investigate its affairs; that the assistant secretary, one Dunham, informed them that all the books and papers of the company were stored in the city of Toledo, and that they could not have access to them; that the offices of the company in Toledo had been opened and furnished in an expensive manner, and that they had been abandoned.

The bill is very long, covering 22 pages of the printed record, and it is unnecessary to set forth any more of the allegations in it. The bill prays for a receiver, with the power to conserve the property of the corporation; that its officers and directors may come to an accounting; that the assistant secretary and assistant treasurer turn over to the secretary and treasurer all the books, etc., of the corporation for the use of the receiver; that the company and its officers, etc., be enjoined from selling, mortgaging or disposing of any of the property; that the Trust Company be enjoined from proceeding to foreclose its mortgage, and the execution creditors be enjoined from proceeding with their executions.

Defendant William Watts demurred. His demurrer was overruled, and he has appealed to this court.

GRANT, J. (*after stating the facts*). Many of the material allegations in the bill are upon information and belief. They could not well be otherwise, because complainants have been denied all access to the books and records of the company.

The statute under which the corporation was organized (2 Comp. Laws, chap. 188) requires that 10 per cent. of the capital stock shall be paid in (§ 7038, subd. 6); that its secretary and treasurer shall reside, have their place of business and keep the books of said corporation within this State (§ 7042); that the books of said corporation shall be kept at the office of the treasurer within this State, open at all times for inspection by any stockholder (§ 7051).

The bill positively alleges that these provisions were utterly ignored by the incorporators of the defendant company; that in order to avoid the statute they appointed an assistant secretary and an assistant treasurer, imposing upon them all the duties belonging to such officers and located them in the city of Toledo.

If the allegations of the bill are sustained by proofs, defendant corporation was "conceived in sin and brought forth in iniquity;" the complainants, resident stockholders, were deceived and defrauded; the officers are conniving with certain creditors to obtain the title to this property which has cost over $100,000; a fraudulent attempt was made to throw the company into bankruptcy, and the original incorporators, including defendant Watts, are responsible for the situation; the officers of the company have abandoned it, and are taking no steps to protect or save it; the value of the property is largely in excess of the amount necessary to pay the debts.

Courts of law are inadequate to protect the rights and interests of creditors and stockholders. At law the property must be sold at public sale. Equity can and should extend its strong and beneficent arm to protect the rights of all. It may be unnecessary to sell any of the property, for if it be proved that the original incorporators did not pay in 10 per cent. of the capital stock as represented in their articles of association, they can now be compelled to pay it in.

This is not a case for the application of the rule that redress must be sought through the corporation before individual stockholders can seek redress in equity. The officers of the corporation are charged with fraud from the beginning, and it would be useless to ask them to cause suits to be commenced in which they are directly interested. The case is well within the principle of *Miner* v. *Ice Co.*, 93 Mich. 97 (17 L. R. A. 412); *Edwards* v. *Investment Co.*, 132 Mich. 1.

We think the bill makes out a case for the cognizance

of equity jurisdiction, and the decree of the court below is sustained. The case will be remanded to the court below for further proceedings in accordance with the rules and practice of the court.

McALVAY, C. J., and CARPENTER, BLAIR, and MONT-GOMERY, JJ., concurred.