SEAMAN *v.* IRONWOOD AMUSEMENT CORP.

1. VENUE—BREACH OF CONTRACT—TRANSITORY ACTION.
   Ordinarily a suit brought on a breach of contract is transitory in character.

2. SAME—TEST AS TO WHETHER SUIT IS LOCAL OR TRANSITORY.
   The test of whether a suit is local or transitory in character is not ordinarily the subject causing the injury but the object suffering the injury.

3. SAME—CHANCERY SUITS—CORPORATIONS—SERVICE OF PROCESS.
    Statutes prescribing that venue of chancery suit, not local in
    character, be in county where one of parties in interest re-
    sides and that process could be served anywhere in the State
    *held,* controlling in suit by stockholder for alleged violation
    by corporation and others of his contractual rights incident
    to alleged fraudulent scheme for benefit of other stockholders
    to reduce plaintiff's proportionate holding of shares in the
    corporation and make them less valuable (3 Comp. Laws 1929,
    § 13997, subd. 12, as amended by Act No. 225, Pub. Acts
    1931; § 14090; Act No. 327, § 19, Pub. Acts 1931).

Appeal from Calhoun; Hatch (Blaine W.), J.
Submitted October 19, 1937. (Docket No. 41, Cal-
endar No. 39,581.) Decided December 14, 1937.

Bill by Charles Seaman against Ironwood Amuse-
ment Corporation, a Michigan corporation, and
others to restrain the issuance of stock and for other
relief. From denial of defendants' motion to dis-
miss, they appeal. Affirmed.

*Rosenburg & Painter* (*Humphrey & Humphrey,*
of counsel), for plaintiff.

*Edward W. Massie* (*Raymond Turner,* of coun-
sel), for defendants.

POTTER, J. Plaintiff filed a bill in the circuit court
for the county of Calhoun, in chancery, against the
Ironwood Amusement Corporation, of Ironwood,
Michigan, and others. Service of summons was had
on defendant Ironwood Amusement Corporation at
its home office, and it, together with defendants Pat-
rick J. O'Donnell, Alex Rosemurgy and Martin
Thomas, appeared specially and moved to dismiss
plaintiff's bill of complaint, alleging the circuit court
for the county of Calhoun had no jurisdiction to

entertain this suit; the circuit court for the county of Gogebic had sole and exclusive jurisdiction of the cause; the subject matter of the suit was local, there being no property involved located outside of Gogebic county; the defendant Ironwood Amusement Corporation being a private corporation organized under the laws of the State of Michigan and having its principal office in the city of Ironwood, Gogebic county, and none of the defendants being residents of the county of Calhoun, the subject matter of said suit involved matters solely of a local nature and acts and alleged rights which are matters of a local character between plaintiff and defendants; the matters in dispute had before been litigated in Gogebic county, and the determination of that suit was *res judicata* of the question involved herein; the alleged cause of action did not accrue within the time limited by law for the commencement of an action or suit thereon; and plaintiff was barred from maintaining or prosecuting the suit by virtue of section 47 (Act No. 327, Pub. Acts 1931) of the Michigan corporation code. The trial court overruled defendants' motion to dismiss, and defendants appeal.

The bill of complaint alleges plaintiff is a resident of the county of Calhoun; defendant Ironwood Amusement Corporation is a corporation under the laws of Michigan; in 1932, it was decided to increase the capital stock by 28,500 shares of the common stock of no par value, and the book value of class A stock was fixed at $112.43 a share, and the book value of class B stock at $1 a share; plaintiff was the holder of record of 225 shares of the capital stock outstanding on October 17, 1932, and continues to hold said stock in the corporation and has never changed his shares of stock for the corresponding shares of class A stock. He alleges the issuance of

class B stock was part of a scheme on the part of defendants, or some of them, to reduce plaintiff's proportionate holding of shares in the corporation and make them less valuable, for the benefit of the other stockholders in the corporation.   He alleges that amending of the articles of incorporation providing for the issuance of class B stock was illegal and fraudulent for the reason the claimed precarious financial condition of the corporation was without foundation in fact, and the financial condition of the company at the time the stockholders voted for the issuance of said stock was not a valid reason for its issuance; in providing for the issuance of class B stock, defendants deprived plaintiff and other stockholders of their just proportion of the capital stock of the corporation because of plaintiff's inability to subscribe for and pay for his appropriate share thereof; by the issuance of the class B stock, the purchasers acquired rights in the corporation, if such issuance was valid, and benefits from said stock out of all proportion to the stockholders who were unable to subscribe and pay therefor; the action of the corporation in authorizing the sale of 10,000 shares of class B stock was illegal because it was not lawfully authorized by a valid two-thirds vote of the capital stock of the corporation then outstanding, as provided by Act No. 327, § 19, Pub. Acts 1931; the issuance of the class B stock was fraudulent and against the just rights of plaintiff for the reason the president and secretary were never legally authorized by the stockholders and board of directors to issue the same; and on June 13, 1934, the officers of the corporation were authorized to enter into a contract with Martin Thomas to act as manager of the corporation, and that said Martin Thomas is now manager of the theaters in Ironwood and is made a party defendant for the purpose of giving him an

opportunity to protect his rights under his contract if he regards it necessary so to do. Plaintiff prays the Ironwood Amusement Corporation be required to reimburse the holders of class B stock for the respective amounts paid by them upon receiving certificates therefor, and that, upon payment, the holders of class B stock may be required to surrender their certificates therefor to the corporation; for an injunction restraining the transferring of any class B stock on the books of the corporation, or from issuing any further certificates, and, during the pendency of suit, from voting any class B stock at the meetings of the corporation; and for other relief.

In disposing of defendants' motion to dismiss, the trial court said: "The subject matter of said suit is transitory and not local, as it does not involve or concern the real estate and physical properties of said defendant corporation, located in the county of Gogebic. It does not seek to redress a wrong done the corporation, but merely seeks redress for a personal wrong to plaintiff for violation of his contractual rights as a stockholder of said corporation," and held it had jurisdiction.

Section 13997, subd. 12, 3 Comp. Laws 1929, as amended by Act No. 225, § 1, subd. 12, Pub. Acts 1931, provides:

"Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject matter is local, and if it is not local, in the county where one of the parties in interest resides, if either is a resident of the State."

Section 14090, 3 Comp. Laws 1929, provides:

"All civil process issued from any court of record may be served anywhere within the State where

the party upon whom service is to be made may be found, * * * when the process is issued out of a court in chancery.''

These statutes are controlling unless the suit in question is local in character and required to be brought in the jurisdiction where the thing in litigation is located.

The test of the proper place of trial tends to become personal rather than territorial (67 C. J. p. 19), and ordinarily where suit is brought on a breach of contract, it is transitory in character. The test of whether a suit is local or transitory in character is not ordinarily the subject causing the injury, but the object suffering the injury. *McLeod* v. *Railroad Co.,* 58 Vt. 727 (6 Atl. 648); *Mason* v. *Warner,* 31 Mo. 508; *State, ex rel. Barrett,* v. *District Court of Pine Co.,* 94 Minn. 370 (102 N. W. 869, 3 Ann. Cas. 725); *Mattix* v. *Swepston,* 127 Tenn. 693 (155 S. W. 928); *State, ex rel. Logan,* v. *Graper,* 155 Tenn. 565 (4 S. W. [2d] 955); *Brady* v. *Brady,* 161 N. C. 324 (77 S. E. 235, 44 L. R. A. [N. S.] 279); 67 C. J. p. 25. Causes of action, like that here involved, founded upon a real or supposed violation of the rights of plaintiff in contemplation of law, have no locality (*Ackerson* v. *Railway Co.,* 31 N. J. Law, 309; 67 C. J. p. 25), and, under the statute applicable to suits in chancery, may be brought in the county where one of the parties in interest resides (3 Comp. Laws 1929, § 13997, subd. 12, as amended by Act No. 225, Pub. Acts 1931); and service of process may be made anywhere within the State (3 Comp. Laws 1929, § 14090). There is nothing in *People, ex rel. Detroit Fire & Marine Ins. Co.,* v. *Saginaw Circuit Judge,* 23 Mich. 492; *Smith* v. *Provident Savings Life Assurance Society,* 159 Mich. 167; or *Orloff* v. *More-*

*head Manfg. Co.,* 273 Mich. 62, which militates against this position.

The conclusion reached by the trial court was correct and the order appealed from is affirmed, with costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.