ESTON *v.* ARGUS, INC.

1. CORPORATIONS—STOCKHOLDER'S DERIVATIVE SUIT—DEMAND.
    Although prior demand for a suit by a stockholder and refusal
        by the corporation is usually requisite to maintenance of
        a derivative suit by a stockholder to enforce the rights of
        the corporation against its directors and officers, such prior
        demand is unnecessary where the directors who con-
        stitute the majority of the board are the alleged wrong-
        doers.

2. VENUE—CHANCERY CASES—STATUTES.
    The venue of a chancery suit is controlled by statute (CL 1948,
        § 610.1).

3. SAME—STOCKHOLDER'S DERIVATIVE SUIT—TRANSITORY SUIT.
    The subject matter of a stockholder's derivative suit for breach
        of duty by the directors of a corporation based on their neg-
        ligence and mismanagement is an alleged corporate right,
        and, where not directly affecting corporate property nor con-
        templating dissolution, is transitory.

4. SAME—TRANSITORY SUIT.
    The transitory nature of a suit is not affected by the fact
        that it is brought by a stockholder as a derivative suit (CL
        1948, § 610.1).

5. SAME—INCONVENIENCE TO CORPORATION—CHANGE OF VENUE.
    Any inconvenience to the corporation by reason of the fact
        that a stockholder's derivative suit was brought in a county
        other than that in which the corporation had its principal
        place of business may be raised by motion for change of
        venue (CL 1948, § 610.1).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 13 Am Jur, Corporations, §§ 461, 464.
[2] Generally as to venue of chancery suits, see 56 Am Jur, Venue,
    §§ 21, 22.
[2, 3] Generally as to venue of transitory actions, see 56 Am Jur,
    §§ 4, 8.

6. SAME—INTEREST OF STOCKHOLDER—STOCKHOLDER'S DERIVATIVE
    SUIT.

Plaintiff's interest as a stockholder is sufficient to enable him
    to maintain derivative suit against majority of corporate di-
    rectors for alleged negligence and mismanagement and satis-
    fies "interest" requirement of venue statute permitting him
    to bring suit in county of his residence rather than that
    where corporation has its principal place of business (CL
    1948, §§ 610.1, 612.10).

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted June 15, 1950. (Docket No. 49, Calendar No. 44,736.) Decided October 2, 1950.

Bill by Louis M. Eston against Argus, Inc., and others to enforce liability of defendant directors to corporation. Motion to dismiss for want of jurisdiction denied. Defendant Argus, Inc., appeals. Affirmed.

*Harold Goodman,* for plaintiff.

*McKone, Badgley, McInally & Kendall,* for Argus, Inc.

*Amicus Curiae:*
*Beaumont, Smith & Harris (Frank E. Cooper,* of counsel), for Michigan Manufacturers' Association.

BUSHNELL, J. Plaintiff Louis M. Eston, a shareholder in defendant Argus, Inc., and a resident of Wayne county, Michigan, brought suit in equity in that county on behalf of defendant corporation. The bill of complaint, dated August 8, 1949, alleged that the directors and officers, by negligence and mismanagement, had dissipated funds of the corporation and asked a judgment in damages for the corporation against them. Defendant corporation has its principal place of business in Washtenaw county,

and it was served there. It filed a special appearance and on September 8, 1949 moved to dismiss on the ground that the court in Wayne county had no jurisdiction. There were 8 directors of the corporation at the time of suit, 6 of whom were joined as defendants, and 5 served.

The trial court found that no demand by the shareholder was necessary and that Wayne county had jurisdiction. Defendant corporation appeals.

This is a derivative suit by a shareholder to enforce the rights of the corporation against its directors and officers. Maintenance of such an action is usually dependent on a prior demand for suit by a shareholder and refusal by the corporation. Here, however, the directors, who constitute a majority of the board, are the alleged wrongdoers, and demand is unnecessary. *Torrey* v. *Toledo Portland Cement Co.*, 150 Mich 86; *Robinson* v. *DeLuxe Motor Car Company of New Jersey*, 170 Mich 163; and *Freeman* v. *Mitchell*, 198 Mich 207.

The venue of the suit is controlled by CL 1948, § 610.1 (Stat Ann § 27.641 [12]) which provides:

"Every suit in chancery shall be commenced in the circuit court for the county in which the property in dispute is situated, if the subject matter is local, and if it is not local, in the county where 1 of the parties in interest resides, if either is a resident of the State."

The gist of this suit is breach of duty by the directors to the corporation. It is an alleged corporate right, based on negligence and mismanagement. Corporate property is not directly affected and dissolution is not contemplated. The subject matter is transitory. *Orloff* v. *Morehead Manfg. Co.*, 273 Mich 62, and *Seaman* v. *Ironwood Amusement Corp.*, 282 Mich 258. That this is brought by a shareholder as a derivative suit does not alter its transitory na

ture and convert it to a local action. Any inconvenience to the corporation may be raised by motion for change of venue under this same section.

Plaintiff's interest as a shareholder is sufficient to enable him to maintain this suit. See CL 1948, § 612.10 (Stat Ann § 27.662). As such it also satisfies the "interest" requirement of the venue statute, *supra*. Plaintiff is a resident of Wayne county and that county is the proper venue.

The order denying defendant corporation's motion to dismiss is affirmed. Costs to appellee.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and SHARPE, JJ., concurred.