# STATE OF MICHIGAN

# COURT OF APPEALS

IVY ALICE WIMMER, formerly known as
IVY ALICE MONTANO

Plaintiff-Appellee,

v

MARIO ALLAN MONTANO,

Defendant-Appellant.

UNPUBLISHED
December 4, 2018

Nos. 340339, 340409, 340830,
and 340996
Oakland Circuit Court
LC No. 12-802216-DO

Before: SHAPIRO, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

These consolidated appeals arise from defendant's voluminous, and often frivolous, post-divorce judgment motions. Docket Nos. 340339 and 340409 relate to defendant's repeated attempts to argue that his spousal support obligation is modifiable, despite the fact that the consent judgment of divorce says that obligation is nonmodifiable. In Docket No. 340830, defendant appeals the trial court's order requiring him to pay attorney fees and sanctions. In Docket No. 340996, defendant appeals the trial court's protective orders and an injunction imposing prefiling requirements on him. We affirm.

## I. BACKGROUND

The parties married in 1996 and divorced in 2013. The parties entered into a consent judgment of divorce explicitly providing that the amount of defendant's spousal support obligation was nonmodifiable. In 2014, defendant, represented by counsel, filed a motion to modify spousal support. Defendant noted that the uniform support order did not state that spousal support was nonmodifiable, and argued that this created a conflict with the judgment of divorce such that the support order governed under MCR 3.211(D)(1). The trial court denied defendant's motion, finding that the nonmodifiable spousal support provision was properly in the consent judgment of divorce in accordance with *Staple v Staple*, 241 Mich App 562; 616 NW2d 219 (2000).

Defendant, now acting pro per, continued to seek modification of his spousal support and sought relief from the trial court's previous orders as well as the judgment of divorce. The trial court denied defendant's motions and in November 2016 found that his excessive filings violated court rules. Nonetheless, defendant continued to file redundant and frivolous motions, and in

-1-

May 2017, plaintiff moved the trial court for attorney fees, a protective order, an injunction, and sanctions. The trial court granted plaintiff's request for a protective order, prohibiting defendant from communicating with plaintiff directly due to his prior threats and harassment against her. The court also ordered defendant to stop contacting plaintiff's counsel and counsel's staff at their personal residences and emails. The court imposed $5,000 in sanctions and scheduled an evidentiary hearing on plaintiff's request for attorney fees.

The evidentiary hearing was held in August 2017. Defendant appeared but left before the hearing began. Plaintiff's counsel informed the court that there were currently 650 entries in its docket. A family law lawyer testified to establish the reasonableness of plaintiff's counsel's fee. An employee who works in the same suite as plaintiff's counsel testified that counsel receives two to six mailings per day from defendant. Counsel's secretary testified and confirmed the amount of mailings and court filings the office receives from defendant and explained how it is time consuming to review and file those documents. Plaintiff testified that spousal support was her only source of income and that defendant rarely pays that obligation. Plaintiff testified that defendant repeatedly expressed an intent to ruin her life and counsel's professional career through excessive court filings and communications. Although defendant was previously ordered to stop harassing plaintiff through email, plaintiff recounted how defendant continued to send her unwanted communications through other mediums. Counsel's itemized billing was admitted into evidence and provided a detailed description of each task performed by counsel and her staff members as well as the amount of time spent on the same.

In October 2017, the trial court issued an opinion and order awarding plaintiff attorney fees in the amount of $25,000. The court awarded those fees under MCR 3.206(C)(2)(b), finding that plaintiff incurred attorney fees due to defendant's "refusal to comply with prior court orders, despite having the ability to do so." Further, the court ordered additional sanctions against defendant in the amount of $2,500 for continuing to make frivolous filings. The court reiterated its previous protective orders and also determined that injunctive relief was warranted given defendant's "vexatious filing history and refusal to comply with any and all of the Court's orders to stem the aforementioned frivolous filings . . . ." The court also issued a proposed injunction that became effective in November 2017. The injunction requires defendant to seek leave to file from the presiding judge of the family court. Defendant must attest that he is raising a new claim in good faith and also provide the status of his former and current lawsuits in Oakland County.

## II. DOCKET NOS. 340339 AND 340409

Defendant argues that the trial court erred in denying his motion to modify spousal support and that court erred in its interpretation of MCR 3.211(D)(1). We disagree.

We review a trial court's factual findings relating to its decision to modify spousal support for clear error. *Thornton v Thornton*, 277 Mich App 453, 458; 746 NW2d 627 (2007). We must affirm the trial court's decision on spousal support "unless we are firmly convinced that it was inequitable." *Id*. We review the interpretation of court rules de novo. *Hyslop v Wojjusik*, 252 Mich App 500, 505; 652 NW2d 517 (2002).

In Docket Nos. 340339 and 304409, we granted defendant's application for leave to appeal two September 12, 2017 orders denying motions related to his spousal support

-2-

obligation.[1] The trial court's orders indicate that it denied defendant's motions because the court had already decided that defendant's spousal support obligation is nonmodifiable.

Under MCL 552.28, "courts may modify judgments for alimony upon the petition of either party." *Staple*, 241 Mich App at 565. However, in *Staple*, a special conflict panel of this Court held that, "If the parties to a divorce agree to waive the right to petition for modification of alimony, and agree that the alimony provision is binding and nonmodifiable, and this agreement is contained in the judgment of divorce, their agreement will constitute a binding waiver of rights under MCL 552.28." *Id*. at 568. In this case, the parties entered into a consent divorce judgment that contains a nonmodifiable spousal support provision. Therefore, defendant waived his statutory right to seek modification of his spousal support obligation.

Defendant argues that the uniform support order, which does not state that spousal support is nonmodifiable, should control over the judgment of divorce. Defendant relies on MCR 3.211(D)(1), which provides:

> (1) Any provisions regarding child support or spousal support must be prepared on the latest version of the Uniform Support Order approved by the state court administrative office. This order must accompany any judgment or order affecting child support or spousal support, and both documents must be signed by the judge. If only child support or spousal support is ordered, then only the Uniform Support Order must be submitted to the court for entry. *The Uniform Support Order shall govern if the terms of the judgment or order conflict with the Uniform Support Order*. [Emphasis added.]

The uniform support order's silence on the modifiability of spousal support does not create a conflict with the consent judgment of divorce. Further, the uniform support order now incorporates the spousal support provisions of the consent judgment of divorce. For those reasons, there is no conflict between the support order and the consent judgment of divorce. Thus, the trial court correctly denied defendant's motions.

### III. DOCKET NO. 340830

Next, defendant argues that the trial court erred in awarding plaintiff attorney fees and imposing sanctions against him.[2] We disagree.

---

[1] "The question of jurisdiction is always within the scope of this Court's review." *Walsh v Taylor*, 263 Mich App 618, 622; 689 NW2d 506 (2004) (citation omitted). We lack jurisdiction over defendant's request that we modify the 2013 consent judgment of divorce because we cannot grant leave to appeal from a judgment or order that is older than six months. MCR 7.205(G)(3)(b).

[2] In Docket No. 340830, defendant appealed by right the trial court's October 2017 opinion and order awarding plaintiff attorney fees, which constitutes a final order under MCR 7.202(6)(a)(*iv*). An appeal from a final order "is limited to the portion of the order with respect to which there is

We review an award of attorney fees for an abuse of discretion. *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013). "An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Woodard v Custer*, 476 Mich 545, 557; 719 NW2d 842 (2006). We review a trial court's decision to impose sanctions for clear error. *Guerrero v Smith*, 280 Mich App 647, 677; 761 NW2d 723 (2008). "A decision is clearly erroneous when, although there may be evidence to support it, we are left with a definite and firm conviction that a mistake has been made." *Id*.

## A. ATTORNEY FEES

In domestic relations cases, "[a] party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding." MCR 3.206(D)(1).[3] The trial court awarded attorney fees under MCR 3.206(D)(2)(b):

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that
>
> * * *
>
> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply.

The trial court found that the vast majority of plaintiff's attorney fees were incurred due to defendant's excessive and frivolous filings made in violation of prior court orders. Defendant does not contest that finding. Rather, he asserts that the court erred in awarding plaintiff attorney fees because he is in "worse shape financially" than plaintiff. However, the parties' ability to pay is not relevant under MCR 3.206(D)(2)(b). *Cassidy v Cassidy*, 318 Mich App 463, 480; 899 NW2d 65 (2017). Therefore, defendant's argument regarding the parties' financial positions is inapposite to the trial court's ruling.

Defendant also argues that there was no evidence presented at the hearing that plaintiff was required to pay her attorney. This argument is without merit. Plaintiff testified that she agreed to pay her counsel an hourly rate for legal services and that she has made such payments. Further, a family law attorney testified to the reasonableness of the hourly fee, and counsel's staff testified to the amount of work caused by defendant's excessive filings. Accordingly, plaintiff carried her burden of proving that her attorney fees were incurred and that they were reasonable. *Reed v Reed*, 265 Mich App 131, 165-166; 693 NW2d 825 (2005). Defendant fails to establish that the trial court abused its discretion in awarding attorney fees.

---

an appeal of right." MCR 7.203(A)(1). Thus, we do not have jurisdiction over the separate and unrelated orders that defendant challenges in Docket No. 304830.

[3] The court rule governing attorney fees in domestic relations cases was previously found at MCR 3.206(C).

## B. SANCTIONS

A court may assess costs and attorney fees against a party as a sanction for bringing a frivolous claim. MCR 1.109(E)(7);[4] MCR 2.625(A)(2); MCL 600.2591(1). A civil action is frivolous if any of the following conditions exist:

> (*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.

> (*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

> (*iii*) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a)(*i*)-(*iii*).]

Defendant does not appeal the trial court's finding that he made numerous frivolous and baseless filings. Instead, he takes issue with the court's decision to not identify one of those filings in imposing sanctions. Presumably, the court found it unnecessary to give a specific example of defendant's meritless motions given that there were over 650 entries in its docket. For instance, defendant repeatedly attempted to modify his spousal support obligation *after* the court ruled that spousal support was nonmodifiable. These arguments were clearly devoid of legal merit, as were so many of defendant's filings. Thus, defendant fails to show that the trial court's decision to impose sanctions was clearly erroneous.

## III. DOCKET NO. 340996

Defendant contends that the trial court erred in granting plaintiff's motion for protectives order and an injunction.[5] We disagree.

We review a trial court's decision to grant a protective order for an abuse of discretion. *PT Today, Inc v Comm of Office of Fin and Ins Servs*, 270 Mich App 110, 151; 715 NW2d 398 (2006). A trial court's decision to grant an injunction is also reviewed for an abuse of discretion. See *Freeman v Mitchell*, 198 Mich 207, 210; 164 NW 445 (1917).

## A. PROTECTIVE ORDERS

---

[4] The court rule governing sanctions was previously found in MCR 2.114, which was repealed effective September 1, 2018.

[5] In Docket No. 340996, we granted defendant leave to appeal the trial court's October 2017 opinion and order. In this appeal, defendant challenges various protective orders entered by the trial court. We do not have jurisdiction over orders entered six months before defendant's application for leave to appeal was filed MCR 7.205(G)(3)(b), which leaves only the trial court's May 2017 protective orders and the October 2017 opinion reiterating those orders.

Defendant argues that the trial court lacked authority under court rules to issue the protective orders in this case. On reasonable notice and good cause shown, a court "may issue an order that justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." MCR 2.302(C)(1). There was ample evidence presented to trial court that defendant's litigation tactics were designed to inflate plaintiff's attorney fees and to annoy and burden plaintiff's counsel. There was also evidence that defendant was sending plaintiff harassing communications, despite an earlier court order prohibiting him from doing so. Considering the intent behind defendant's persistent filings, the trial court did not abuse its discretion in requiring defendant to direct his communications to counsel's office and work email.

## B. INJUNCTION

"As a court of general equity jurisdiction, a circuit court has subject-matter jurisdiction to issue an injunction." *Cherry Growers, Inc v Agricultural Marketing and Bargaining Bd*, 240 Mich App 153, 161; 610 NW2d 613 (2000). If a document is filed in violation of court rules, the trial court shall impose an "appropriate sanction." MCR 1.109(E)(6). As the trial court observed, it is well established that federal courts have the authority to impose prefiling review requirements. See e.g., *Feathers v Chevron USA, Inc*, 141 F3d 264, 269 (CA 6, 1998) ("[T]he general pattern of litigation in a particular case may be vexatious enough to warrant an injunction in anticipation of future attempts to relitigate old claims.").[6]

In this case, defendant does not dispute the trial court's authority to enter an injunction imposing requirements on his court filings. Instead, he argues that the injunction was improper because there was no evidence or factual findings that any of his filings violated court rules. This is the same argument defendant made with respect to court's decision to impose sanctions. As discussed, defendant has made an abundance of frivolous filings in this case. The trial court's decision to issue an injunction to curb defendant's frivolous filings, without identifying specific examples of those filings, was not an abuse of discretion under the circumstances of this case.

## C. MISCELLANEOUS MOTIONS

Finally, defendant argues that the trial court erred in denying two of his motions in the court's opinion and order awarding plaintiff attorney fees because those motions were not pending when the evidentiary hearing was held. As defendant acknowledges, "[a] court may, in its discretion, dispense with . . . oral arguments on motions . . . ." MCR 2.119(E)(3). And there is no support in the court rules for defendant's position that a trial court must "explicitly state" that it is dispensing with oral argument. Further, it was apparent from the court's orders that it found oral argument unnecessary. Indeed, in the pertinent motions, defendant moved the court to fix the "clerical error" in consent judgment of divorce, i.e., the nonmodifiable spousal support provision, and sought relief from the consent judgment of divorce. These issues were previously

---

[6] We may rely on federal caselaw for its persuasive value. *Churella v Pioneer State Mut Ins Co*, 258 Mich App 260, 268; 671 NW2d 125 (2003).

decided by the court and had been raised by defendant ad nauseam. Therefore, the court did not err in denying defendant's motions without conducting oral argument.

Affirmed. As the prevailing party, plaintiff may tax costs. MCR 7.219(A).

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly