Zahra, P.J.
The parties to this divorce action reached a property settlement agreement and entered into a consent judgment of divorce, dissolving their marriage of twenty-seven years. The judgment of divorce awarded plaintiff “50% of defendant’s Ford Motor Company Pension with rights of survivorship, transferred by way of a qdro[1] effective the date of this judgment, and including interest, dividends, etc.” Plaintiff sought to have a qdro entered pursuant to this provision. The trial court entered the qdro to transfer fifty percent of defendant’s pension, but excluded language that granted plaintiff a share of defendant’s early retirement benefits because those *224 benefits were not specifically granted to plaintiff in the judgment of divorce.
Plaintiff appeals by leave granted,[2] claiming the trial court erred in ruling that the judgment of divorce did not award plaintiff a share of defendant’s early retirement benefits as part of his regular pension. We affirm.
We review a trial court’s dispositional ruling to determine if it was fair and equitable in light of the facts presented. Sands v Sands, 442 Mich 30, 34; 497 NW2d 493 (1993). The dispositional ruling is discretionary and should be affirmed unless this Court is left with the firm conviction that the division was inequitable. Id.
Plaintiff contends that the judgment of divorce awarded her fifty percent of defendant’s entire retirement package, and because early retirement benefits are part of the pension package, plaintiff should be entitled to a share of the early retirement benefits that were based on service credit accrued during the marriage. We disagree.
Plaintiff would have this Court interpret the general provisions of a judgment of divorce to be all-inclusive, unless a particular component is specifically excluded. However, this Court has held that separate and distinct components of pension plans must be specifically awarded in a judgment of divorce in order to be included in a qdro. In Roth v Roth, 201 Mich App 563, 569; 506 NW2d 900 (1993), this Court *225 held that the right of survivorship in a pension plan will not be extended to a divorced spouse unless it is specifically included as part of the pension award in the judgment of divorce. Similarly, early retirement benefits are a separate and distinct component of defendant’s pension plan that were not specifically included in plaintiff’s property settlement in the judgment of divorce.
Although defendant’s early retirement benefits were not vested at the time of the divorce, plaintiff argues that they still could be part of the marital estate if just and equitable. MCL 552.18(2); MSA 25.98(2) provides:
Any rights or contingent rights in and to unvested pension, annuity, or retirement benefits payable to or on behalf of a party on account of service credit accrued by the party during marriage may be considered part of the marital estate subject to award by the court under this chapter where just and equitable. [Emphasis added.]
Although early retirement benefits may be awarded under this statute, the judgment of divorce does not provide for such an award. The parties could have added a provision for early retirement benefits in the judgment of divorce just as they did for the rights of survivorship. Moreover, because there is handwritten language in the alimony section that contemplates that defendant may take an early retirement, it would appear that the parties discussed the possibility of early retirement during settlement negotiations. Absent a specific provision in the judgment of divorce, we cannot conclude that the parties intended to include early retirement benefits as part of plaintiff’s property settlement.
*226 Plaintiff also contends that failure to award her a share in defendant’s early retirement benefits will result in an inequitable distribution of the marital property and therefore the court should modify the judgment of divorce to avoid inequity. We disagree. Property settlement provisions in a divorce judgment are typically final and cannot be modified by the court. Zeer v Zeer, 179 Mich App 622, 624; 446 NW2d 328 (1989). Absent fraud, duress, or mutual mistake, courts must uphold divorce property settlements reached through negotiation and agreement of the parties. Bers v Bers, 161 Mich App 457, 464; 411 NW2d 732 (1987). Finding no fraud, duress, or mutual mistake, we decline to alter the judgment of divorce to include the specific provision of early retirement benefits in addition to plaintiff’s general pension award.
We further find no merit in plaintiff’s claim that the judgment of divorce failed to dispose of all the marital assets of the parties. MCL 552.18(2); MSA 25.98(2) provides that unvested retirement benefits may be considered part of the marital estate. This statute is permissive, not mandatory, and thus early retirement benefits are not part of the marital estate unless the court so finds, or in this case, the parties so agree. Moreover, following the specific pension awards for each party, the judgment of divorce states, “it is further ordered that each party waives any and all interest in any IRA, Pension or Profit Sharing Plan, in which the other may have an interest, except as specifically provided for herein.” This provision would apply to defendant’s unvested early retirement benefits and effectively waives any and all interest plaintiff may have had in those benefits.
*227 For the above reasons, we find that the trial court correctly excluded the provision of early retirement benefits from the QDRO.
Affirmed.

1 Qualified Domestic Relations Order.

 Plaintiff sought leave to appeal, which this Court denied in an unpublished order entered April 9, 1997 (Docket No. 198544). The Supreme Court, in lieu of granting plaintiff’s application for leave to appeal, remanded the matter to this Court for consideration as on leave granted. 456 Mich 937 (1998).