746 N.W.2d 627 (2008)
Doris Marie THORNTON, Plaintiff-Appellant
v.
Johnnie R. THORNTON, Defendant-Appellee.
Docket No. 270931.
Court of Appeals of Michigan.
Submitted October 2, 2007, at Detroit.
Decided October 23, 2007.
Approved for Publication January 3, 2008, at 9:00 a.m.
*628 J. Black & Associates, P.L.C. (by Julia L. Black and Erin D. Western), Grand Blanc, for plaintiff.
D. Craig Henry, Grand Blanc, for defendant.
Before: MURPHY, P.J., and SMOLENSKI and SCHUETTE, JJ.
PER CURIAM.
In this domestic relations action, plaintiff appeals by leave granted two orders signed by the trial court on May 23, 2006. The first order reduced plaintiff's award of spousal support and the second amended a qualified domestic relations order (QDRO) to eliminate plaintiff's award of a survivor benefit under defendant's pension plan. We conclude that the trial court improperly modified the division of property by amending the QDRO to eliminate plaintiff's survivor benefit and erred when it modified plaintiff's award of spousal support without adequate record evidence and definite factual findings. Therefore, we vacate the orders of May 23, 2006, and remand for further proceedings consistent with this opinion.

I. FACTS AND PROCEDURAL HISTORY
On September 14, 1993, the trial court entered the parties' consent judgment of divorce. The judgment of divorce provided that defendant must pay permanent alimony of $125 a week to plaintiff until further order of the court. In addition, the judgment of divorce provided:
Plaintiff . . . shall be awarded fifty percent (50%) of the Defendant's monthly accrued benefit of his pension and retirement benefits with General Motors Corporation from the date of this marriage, December 1, 1978, until the date this Judgment of Divorce is filed with the Clerk of the Court. The terms of this award shall be set forth in a [QDRO].
*629 At the same time that the individual parties approved the form and content of the judgment of divorce,[1] the parties also approved of the QDRO referred to by the judgment of divorce. The trial court signed this QDRO on September 15, 1993.[2] The QDRO provided:
[Defendant] shall elect a benefit form that provides a survivor benefit (surviving spouse option). The survivor benefit shall be at least fifty percent (50%) of the benefit provided to [defendant] during [defendant's] life. [Defendant] shall designate [plaintiff] as the beneficiary of this survivor benefit unless [plaintiff] elects to receive her benefits in a form that provides either a lump-sum distribution or a life annuity, based on her life.
In March 2005, defendant moved to amend the QDRO to eliminate plaintiff's survivor benefit and to reduce or terminate his spousal-support obligation. In his motion, defendant argued that, because the judgment of divorce did not specifically provide for an award of a survivor benefit under defendant's pension plan, the QDRO could not include such an award. Defendant also argued that changed circumstances warranted a reduction or termination of his spousal-support obligation.
On January 31, 2006, the trial court issued an opinion in which the court agreed that the QDRO impermissibly included an award of survivor benefits to plaintiff and that changed circumstances warranted a reduction in defendant's spousal-support obligation. Therefore, the trial court ordered the parties to draft an amended QDRO that does not award plaintiff a survivor benefit under defendant's pension. The trial court also ordered the parties to draft an order that reduced defendant's spousal-support obligation to $217.50 a month. On May 23, 2006, the trial court entered the orders amending the QDRO and reducing defendant's spousal-support obligation. See MCR 2.602(A)(2).
This appeal followed.

II. AMENDMENT OF THE QDRO
Plaintiff first argues that the trial court erred when it amended the QDRO to eliminate plaintiff's survivor benefit under defendant's pension. Specifically, plaintiff contends that the QDRO was essentially part of the judgment and, therefore, the trial court was without the authority to modify it more than 12 years after it was entered. We agree.
Where a judgment of divorce is entered pursuant to an agreement of the parties, the agreement is a contract, which this Court will enforce absent a showing of factors such as fraud or duress. In re Lobaina Estate, 267 Mich.App. 415, 418, 705 N.W.2d 34 (2005). The proper interpretation of a contract is a matter of law that this Court reviews de novo. Clark v. DaimlerChrysler Corp., 268 Mich.App. 138, 141, 706 N.W.2d 471 (2005).
After a hearing held on August 26, 1993, the parties agreed to entry of a judgment of divorce. Each of the parties *630 and their attorneys approved the judgment as to both form and content. The judgment of divorce specifically provided that plaintiff would receive 50 percent of defendant's monthly accrued benefit under his pension during the term of the marriage. The judgment further provided that "[t]he terms of this award shall be set forth in a [QDRO]." The QDRO mentioned in the judgment of divorce refers to the same August 26, 1993, hearing and was approved as to form and content by defendant's attorney on the same day that defendant and his attorney approved the judgment of divorce as to form and content. Further, in the QDRO, the parties clarified that it was their mutual intent "to provide [plaintiff] with a retirement payment that fairly represents what they have agreed to be her marital share of [defendant's] accrued retirement benefit" through the assignment provisions of the QDRO. Given the totality of these circumstances, we conclude that the parties intended the judgment and the QDRO to be read together as a comprehensive division of the marital estate. Hence, the division of property described in the judgment incorporates by reference the substantive provisions of the QDRO.
Because the parties incorporated the substantive provisions of the QDRO into their judgment of divorce, we find the trial court erred when it relied on Quade v. Quade, 238 Mich.App. 222, 604 N.W.2d 778 (1999), and Roth v. Roth, 201 Mich.App. 563, 506 N.W.2d 900 (1993), for the proposition that the QDRO could not provide for a surviving-spouse benefit. Neither case dealt with a QDRO that was incorporated into the judgment by reference and entered contemporaneously with the judgment.[3] Instead, those cases addressed whether a QDRO entered after the entry of a judgment of divorce could include awards of property that were either precluded by the plain language of the judgment, see Roth, supra at 569, 506 N.W.2d 900, or not specifically included within the judgment of divorce, see Quade, supra at 224-225, 604 N.W.2d 778. Because the present case involves a contemporaneously executed QDRO that was incorporated into the judgment of divorce, its provisions must be treated as part of the settlement.
Because the QDRO addressed the division of marital property, the trial court was without authority to modify those provisions absent fraud, duress, or mutual mistake. Quade, supra at 226, 604 N.W.2d 778. Likewise, to the extent that defendant's motion can be interpreted as a motion for relief from judgment under MCR 2.612, we conclude that the motion was untimely and unreasonable. See MCR 2.612(C)(2) and Roth, supra at 570, 506 N.W.2d 900. Therefore, the trial court erred when it entered an order amending the QDRO to alter its substantive provisions.

III. MODIFICATION OF SPOUSAL SUPPORT
Plaintiff next argues that the trial court erred when it found that there was a sufficient change in circumstances to warrant modification of defendant's spousal-support obligation. In the alternative, plaintiff contends that, at the very least, the trial court could not properly make such a determination without holding an evidentiary hearing. We agree that the trial court erred when it concluded that the spousal support should be modified without having held an evidentiary hearing.
*631 [5-7] The trial court's factual findings relating to its decision to modify spousal support are reviewed for clear error. Moore v. Moore, 242 Mich.App. 652, 654, 619 N.W.2d 723 (2000). "If the trial court's findings are not clearly erroneous, this Court must then decide whether the dispositional ruling was fair and equitable in light of the facts." Id. at 655, 619 N.W.2d 723. This Court must affirm the trial court's decision regarding spousal support unless we are firmly convinced that it was inequitable. Gates v. Gates, 256 Mich.App. 420, 433, 664 N.W.2d 231 (2003).
[8-10] An alimony award can be modified on the basis of a showing of new facts or changed circumstances. Moore, supra at 654, 619 N.W.2d 723; MCL 552.28. In the present case, the trial court's opinion clearly indicated that the trial court found that there were changed circumstances sufficient to warrant a modification of defendant's spousal-support obligation. However, evidence of the changed circumstances must appear in the record. See Rapaport v. Rapaport, 158 Mich.App. 741, 746, 405 N.W.2d 165 (1987). After a review of the record, we conclude that there is inadequate evidence of the parties' financial status in the record to properly review the equity of the trial court's modification of the spousal-support award. In such cases, it may be appropriate to remand for the taking of "supplemental and definite proof. . . ." Bailey v. Bailey, 352 Mich. 113, 118, 89 N.W.2d 500 (1958). Therefore, we vacate the trial court's order modifying defendant's spousal-support obligation and remand this matter to the trial court. On remand, the trial court shall take evidence concerning the parties' finances and make the necessary findings of fact. After making its findings, the trial court shall issue a new order concerning whether to grant defendant's motion for a reduction in his spousal-support obligation.

IV. ADOPTION SUBSIDY
Finally, plaintiff argues that the trial court erred in considering plaintiff's adoption subsidy in determining plaintiff's financial condition. Because this issue is almost certain to arise again on remand, we shall address it.
[11] An adoptive parent may request adoption assistance, which can include a support subsidy. See MCL 400.115f(b) and 400.115g(1). However, the subsidy is meant to be a "payment for support of a child. . . ." MCL 400.115f(v). Because the subsidy is meant for the support of the child alone, it is not proper for a trial court to attribute this subsidy to the parent when determining whether the parent is entitled to spousal support. Therefore, on remand, the trial court shall not consider any adoption assistance currently received by plaintiff in determining whether and to what extent it should grant defendant's motion for modification of his spousal-support obligation.
For these reasons, we vacate the two orders entered on May 23, 2006, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.
NOTES
[1] The parties approved both the judgment of divorce and the QDRO as to form and content. Plaintiff signed the judgment of divorce on August 26, 1993, and her attorney signed it on September 7, 1993. Plaintiff's attorney signed the QDRO on August 26, 1993. Defendant and his attorney signed the judgment of divorce on September 1, 1993, and defendant's attorney signed the QDRO on the same day. The trial court signed the judgment of divorce on September 14, 1993, and the QDRO on September 15, 1993.
[2] The trial court amended this order on June 16, 1994, by stipulation of the parties, to correct the identification of the retirement plan.
[3] For this reason, we need not address plaintiff's argument that the trial court erred when it applied Roth and Quade retroactively.