# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of THOMAS P. HARKEMA.

PAMELA HARKEMA,

Appellant,

v

SCOTT GOULD, Personal Representative of the
ESTATE OF THOMAS P. HARKEMA, and
SUSAN HARKEMA,

Appellees.

UNPUBLISHED
November 3, 2016

No. 328250
Shiawassee Probate Court
LC No. 14-036287-DA

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Pamela Harkema appeals as of right the probate court's order denying her request to require the personal representative of her deceased former spouse, Thomas P. Harkema, to enter into an Eligible Domestic Relations Order (EDRO) that would allow Pamela to receive the survivor pension benefits. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Pamela and Thomas married in 1986 and divorced in 2009. At their pro confesso divorce hearing on March 16, 2009, Pamela and Thomas indicated that they had reached a settlement agreement, which they had incorporated into a proposed judgment of divorce and EDRO. The parties executed their EDRO on April 22, 2009. The EDRO indicated it would be "incorporated in the judgment of divorce . . . ." The EDRO provided that "if the Retirant predeceases the Former Spouse, all benefits payable to the Former Spouse under this Order will cease." Pamela and Thomas's May 12, 2009, judgment of divorce provided that:

[Pamela] is awarded Fifty Percent (50%) of [Thomas]'s Member Investment Program (MIP), accrued as of March 16, 2009. [Pamela] is entitled to her marital share of said plan through the execution of Eligible Domestic Relations Order (EDRO), contemporaneously entered with this Judgment.

-1-

For reasons unrelated to the issues presented on appeal, the pension plan administrator rejected Pamela and Thomas's EDRO about three years after they submitted it. Thomas died before he and Pamela reformed the EDRO for resubmission.

Pamela claimed survivorship rights in Thomas's pension from his estate, and the personal representative denied the claim. Pamela subsequently petitioned the probate court to order the personal representative to sign a new EDRO that would grant her survivor benefits in Thomas's pension, arguing that she was entitled to a marital share of Thomas's pension under the judgment of divorce. The personal representative objected, arguing that the EDRO that Pamela and Thomas executed expressly provided that Pamela would receive no pension benefits in the event that Thomas predeceased her.

The probate court determined that it could authorize the personal representative to resubmit the original EDRO, but it could not require the personal representative to revise the EDRO to provide Pamela with survivor benefits. Pamela now appeals.

## II. STANDARD OF REVIEW

This Court reviews de novo a lower court's decision interpreting a judgement of divorce or a domestic relations order, including whether such a judgment is ambiguous. *Neville v Neville*, 295 Mich App 460, 466; 812 NW2d 816 (2012). Courts should interpret the terms in a trial court's judgment in the same manner as courts interpret contracts. *Id*. The goal of contractual interpretation is to honor the parties' intent and to enforce the contract's plain terms. *Davis v LaFontaine Motors, Inc*, 271 Mich App 68, 73; 719 NW2d 890 (2006). If a contract is not ambiguous, courts must enforce the contract as written. *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 372; 817 NW2d 504 (2012).

## III. ANALYSIS

The crux of Pamela's argument is that the probate court improperly concluded the EDRO, which denied her survivorship benefits in Thomas's pension, controlled the outcome of this case. We disagree.

As an initial matter, we reject Pamela's argument that the parol evidence rule precluded the probate court from considering the EDRO when interpreting the judgement of divorce. The parol evidence rule prohibits courts from considering evidence of prior or contemporaneous agreements that contradict or vary the terms of a clear, unambiguous written contract. *UAW-GM Human Res Ctr v KSL Recreation Corp*, 228 Mich App 486, 492; 579 NW2d 411 (1998). However, when one writing references another for additional terms, courts should read the two writings together. *Forge v Smith*, 458 Mich 198, 207; 580 NW2d 876 (1998). The incorporating instrument must "clearly evidence an intent that the writing be made part of the contract." *Id*. at 207 n 21 (quotation marks and citation omitted).

In this case, the judgment of divorce stated that Pamela was entitled to a marital share of Thomas's pension plan "through the execution of Eligible Domestic Relations Order (EDRO), contemporaneously entered with this Judgment." In turn, the EDRO specifically states that it is "incorporated in the judgment of divorce . . . ." Because the documents clearly referenced each

other for additional terms, the trial court properly concluded that the judgment of divorce and EDRO were two parts of a single whole. Also see *Neville*, 295 Mich App at 469.

Second, Pamela argues that even if read together, the judgment of divorce and EDRO are ambiguous and the probate court should have construed the terms against Thomas. We disagree.

A contract is ambiguous when its provisions irreconcilably conflict. *People v Hall*, 499 Mich 446, 454; 884 NW2d 561 (2016). In this case, the judgment of divorce provided that Pamela would receive 50% of Thomas's pension through the execution of an EDRO. The EDRO provided the details through which Pamela would receive that portion, including that her entitlement to receive her portion would end if Thomas predeceased Pamela. The judgment of divorce makes no mention of the specific manner in which Pamela would receive her portion and did not specifically indicate that Pamela would be entitled to survivorship benefits. None of the provisions in the judgment of divorce and EDRO expressly conflict with each other. We conclude that the trial court properly determined that the parties' contract was not ambiguous and barred Pamela from entitlement to surviving spouse benefits in Thomas's pension.

Third, Pamela contends that she is entitled to surviving spouse benefits under MCL 552.101(5). MCL 552.101(5) provides that a divorce award of a pension includes all portions of that pension unless the divorce judgment states otherwise. However, in this case, the divorce judgment does state otherwise—the EDRO, which was a part of the divorce judgment, specifically stated that Pamela's benefits ended when Thomas predeceased her.[1]

Finally, while the trial court misstated that the parties entered the EDRO after the judgment of divorce, Pamela provides no legal basis for an argument that the order in which the parties signed and entered the EDRO and divorce judgment should have a practical effect on the outcome of this case. Given that each document incorporated the other by reference and the EDRO was by its terms a part of the divorce judgment, we conclude that the order in which the documents were executed does not matter.

We affirm. As the prevailing party, the estate may tax costs. MCR 7.219(A).

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher

---

[1] We also reject Pamela's argument that the trial court erroneously relied on *Quade v Quade*, 238 Mich App 222; 604 NW2d 778 (1999). The trial court explicitly stated that "even if *Quade* was still the law, this really isn't a *Quade* case." This statement undermines Pamela's assertion that the trial court improperly relied on *Quade*.