*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LANET BROOKS,

        Plaintiff/Counterdefendant-Appellee,

v

RONNIE BROOKS,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
February 11, 2020

No. 345168
Macomb Circuit Court
Family Division
LC No. 2017-007743-DO

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and TUKEL, JJ.

PER CURIAM.

In this divorce action, defendant appeals as of right the consent judgment of divorce. We affirm the divorce judgment in part, vacate it in part, and remand for proceedings consistent with this opinion.

## I. BASIC FACTS

Plaintiff filed a complaint for divorce in March 2017. The parties participated in mediation and facilitation, and they appeared to reach a settlement regarding the distribution of their marital property on March 15, 2018.[1] David Elias, the facilitator, placed the terms of the settlement on the record. He addressed spousal support, the parties' debts, the distribution of real property, the distribution of the parties' bank accounts, and the distribution of the parties' vehicles. The parties also addressed the distribution of defendant's personal property on the record.

---

[1] We note that the trial court allowed the case to be adjourned on multiple occasions. However, on January 31, 2018, the trial court issued an order advising that the trial was moved to a date certain of March 15, 2018, and no further adjournments were permitted. Although the trial court allowed plaintiff to substitute counsel, the trial court denied the motion to adjourn the trial date made by substitute counsel on March 5, 2018. Thus, if the parties did not reach a settlement agreement, they would have been required to proceed to trial.

After the settlement was placed on the record, plaintiff sent a proposed consent judgment of divorce to defendant. In pertinent part, the proposed consent judgment stated: (1) "each party shall maintain any and all bank accounts titled in his or her own name," (2) "each party shall retain exclusively any retirement/pension benefits to which they shall become entitled to, and any claim thereto by the other party as beneficiary or otherwise is extinguished and free and clear of any and all claims," (3) "each party shall keep personal property that is in his or her possession free and clear of any claim of the other party," and (4) defendant shall be allowed to retrieve his personal property from the marital home.

Defendant refused to sign the proposed consent judgment, asserting that the consent judgment did not reflect the parties' agreement with respect to plaintiff's pension and the distribution of defendant's personal property. Plaintiff filed a motion for entry of the proposed consent judgment, and the trial court granted plaintiff's motion. Defendant filed a motion for a new trial or, in the alternative, an amendment of the consent judgment of divorce. The trial court denied defendant's motion.[2] Defendant appealed, arguing that the trial court erroneously entered the consent judgment because it did not reflect the parties' agreement with respect to plaintiff's pension and the distribution of defendant's personal property.

## II. APPLICABLE LAW

The trial court's finding regarding the validity of the parties' consent to a settlement agreement will not be overturned absent a finding of an abuse of discretion. *Vittiglio v Vittiglio*, 297 Mich App 391, 397; 824 NW2d 591 (2012). An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes. *Rettig v Rettig*, 322 Mich App 750, 754; 912 NW2d 877 (2018).

## A. THE CONSENT JUDGMENT

Defendant argues that the entire judgment of divorce must be stricken from the record because defendant did not sign the judgment as required under MCR 2.602(B)(2) and MCR 3.210(E)(1). We disagree.

"[A] consent judgment is a settlement or a contract that becomes a court judgment when the judge sanctions it." *Acorn Investment Co v Mich Basic Prop Ins Ass'n*, 495 Mich 338, 354; 852 NW2d 22 (2014) (citation and quotation marks omitted). A settlement agreement is enforceable if "it was made in open court." MCR 2.507(G). "As a general rule, settlement

---

[2] Defendant and his counsel did not appear at the hearing regarding entry of the consent judgment of divorce, but a written response was filed. At the hearing on the motion for new trial, defense counsel represented that he was unavailable to attend, and plaintiff's counsel refused to adjourn the hearing. Defense counsel and the trial court engaged in a discussion regarding the propriety of a default or consent judgment. Ultimately, the trial court inquired what type of relief defendant requested, and minimally, he sought to strike the term "consent" from the judgment of divorce. Although the trial court denied defendant's motion for a new trial, it granted defendant's motion to strike the term "consent" from the judgment. However, there is no indication that defendant submitted a written order in accordance with the oral ruling.

agreements are final and cannot be modified." *Clark v Al-Amin*, 309 Mich App 387, 395; 872 NW2d 730 (2015) (citation and quotation marks omitted). More specifically, "[c]ourts must uphold divorce property settlements reached through negotiation and agreement of the parties because modifications of property settlements in divorce judgments are disfavored." *Vittiglio*, 297 Mich App at 399. "This rule applies whether the settlement is in writing and signed by the parties or their representatives or the settlement is orally placed on the record and consented to by the parties, even though not yet formally entered as part of the divorce judgment by the lower court." *Id*. (citation and quotation marks omitted).

Plaintiff and defendant participated in mediation and facilitation, which culminated in a settlement agreement that the facilitator read on the record. The agreement addressed spousal support, the parties' debts, the distribution of real property, and the distribution of the parties' vehicles. The facilitator also addressed the parties' agreement that "[a]ny bank accounts the parties have in their own names will be awarded to them." After the settlement agreement was read on the record, the parties acknowledged that the terms stated on the record were full, final, and binding. Thus, the terms of the parties' settlement agreement became binding and enforceable when they were read in open court. See MCR 2.507(G); *Clark*, 309 Mich App at 395. Therefore, defendant's subsequent refusal to sign the consent judgment of divorce did not negate the terms of the settlement agreement that were read on the record, and he failed to support the contention that the judgment must be stricken from the record. Furthermore, MCR 3.211(F)(1) addresses entry of a judgment and provides that within 21 days after the settlement agreement is placed on the record, the moving party must submit a judgment to the court. A signature requirement is not contained in this rule. Accordingly, this challenge does not entitle defendant to appellate relief.

## B. DISTRIBUTION OF DEFENDANT'S PERSONAL PROPERTY

Defendant next asserts that the trial court erred by entering a judgment of divorce without addressing the distribution of defendant's personal property. We disagree.

The divorce judgment included a provision stating that "each party shall keep the personal property that is in his or her possession free and clear of any claim of the other party. Defendant-Husband shall be allowed to go to Plaintiff-Wife's home . . . to retrieve his personal property stored in Plaintiff-Wife's garage." As previously stated, a settlement agreement is enforceable if "it was made in open court." MCR 2.507(G). The facilitator read the parties' settlement agreement on the record, but he did not address the distribution of defendant's personal property. Nonetheless, defendant's counsel requested that the trial court allow defendant to pick up his personal property from the marital home and sought guidance in light of a personal protection order in the case. In response, plaintiff represented that the issue of collection of personal property was now raised for the fourth time in the case. After defendant's first request, plaintiff gathered all of defendant's property and placed it in her garage where it had been for a year. The trial court ruled that defendant was given four hours to pick up his property from the plaintiff's garage. It also held that if property was missing, a police escort would accompany defendant into the home for an additional two hours.

Therefore, the trial court allowed defendant to pick up his personal property and provided a specific timeframe for him to do so. There is no indication that defendant ever availed himself of the opportunity or that he needed to reduce the court's ruling to a written order to seek

-3-

enforcement with the assistance of the police. There is also no record evidence that an itemized list of defendant's personal property was provided to the trial court or information that the parties' disputed the personal property that belonged to defendant. In light of the parties' agreement on the record that defendant was entitled to his personal property and the court ordered terms for the property collection, the challenge to the terms of the judgment of divorce as deficient with regard to the distribution of defendant's personal property is without merit.[3] The trial court did not abuse its discretion by including the distribution of defendant's personal property in its entry of the consent judgment of divorce.

## C. DISTRIBUTION OF PLAINTIFF'S PENSION

Defendant argues that the trial court erred by entering the consent judgment of divorce without making findings of fact regarding the distribution of plaintiff's pension. We agree.

The consent judgment of divorce included a provision which stated that "each party shall retain exclusively any retirement/pension benefits to which they shall become entitled to, and any claim thereto by the other party as beneficiary or otherwise is extinguished and free and clear of any and all claims." Generally, property settlement provisions in a divorce judgment are final and cannot be modified by the court. *Quade v Quade*, 238 Mich App 222, 226; 604 NW2d 778 (1999) (citation omitted). "Absent fraud, duress, or mutual mistake, courts must uphold divorce property settlements reached through negotiation and agreement of the parties." *Id*. (citation omitted). There is no evidence that fraud, duress, or mutual mistake occurred in this case. However, we conclude that the record evidence does not show that the parties reached an agreement regarding the distribution of plaintiff's pension.

During the settlement hearing, the facilitator read the terms of the parties' divorce settlement on the record, in the presence of both parties. The facilitator's reading did not address plaintiff's pension. Plaintiff maintains that the pension was discussed during the facilitation meetings, but that is not reflected by the record. To the contrary, both parties acknowledged that the settlement terms read by the facilitator were full, final, and binding. Thus, we hold that the record evidence does not show that the parties reached a settlement agreement regarding the distribution of plaintiff's pension, and we remand to the trial court for the limited purpose of resolution of this issue.

Affirmed in part, vacated in part, and remanded for the trial court to conduct further proceedings in order for it to determine the distribution, if any, of plaintiff's pension. We do not retain jurisdiction. No taxable costs, neither party having prevailed in full.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Jonathan Tukel

---

[3] We also note that although defendant objected to the terms of the proposed judgment submitted by plaintiff's counsel, there is no indication that he submitted an alternate proposed judgment to address the claimed deficiencies.