*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

MANDY MAE O'NEIL,

      Plaintiff-Appellee,

UNPUBLISHED
June 29, 2023

v

No. 359878; 361857
Macomb Circuit Court
Family Division
LC No. 2018-000197-DM

JEREMY BRANDON O'NEIL,

      Defendant-Appellant.

Before: MARKEY, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

In Docket No. 359878, defendant appeals as of right the December 20, 2021 trial court opinion and order awarding plaintiff attorney fees in this divorce action. In Docket No. 361857, defendant appeals by delayed leave granted the same opinion and order on the merits.[1] We affirm in part and remand in part for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in June 1996, and have two daughters, Darian and Makayla O'Neil.[2] Defendant left the marital home in October 2017, and plaintiff filed for divorce on January 9, 2018. Plaintiff alleged that she was unemployed and without sufficient funds to support herself, but that defendant earned substantial income to support plaintiff, the children, and their residences. Thus, she requested an ex parte order maintaining the status quo, which the court entered on January 19, 2018. Defendant filed a counterclaim for divorce.

---

[1] *O'Neil v O'Neil*, unpublished order of the Court of Appeals, entered December 1, 2022 (Docket No. 361857). By its own motion, this Court consolidated these appeals in the same order. *Id.*

[2] Both daughters reached the age of majority before or shortly after the judgment of divorce was entered.

On August 28, 2018, the parties entered a confidential settlement agreement including a division of the marital property. In exchange for plaintiff's interest in the parties' company, D&M Truck, Tire and Repair, defendant was to pay plaintiff $10,000 a week for 520 weeks, totaling $5,200,000. The parties were each awarded certain real property (plaintiff the marital home, a Gaylord cabin, and a Jamaica vacation home, among others; defendant the business properties), as well as a number of vehicles, including personal automobiles, snowmobiles, boats, jet skis, motor homes, trailers, and classic cars. Under the settlement agreement, defendant was responsible for all marital debt and the payment of Darian's American Express (Amex) credit card bills. On September 21, 2018, the consent judgment of divorce was entered, which incorporated by reference the settlement agreement.

However, beginning in June 2019, plaintiff moved several times to enforce the property settlement, alleging that defendant failed to pay the weekly property settlement payments or marital debts, specifically, delinquent property taxes on real estate awarded to plaintiff and Darian's outstanding Amex bills. She also alleged that snowmobiles she was awarded in the settlement agreement were missing from her property. She sought attorney fees under MCR 3.206. The court heard plaintiff's motion and entered a money judgment as agreed to by the parties, but by August 2019, plaintiff moved to hold defendant in civil contempt for failing to make the weekly payments. She filed several similar motions, and an evidentiary hearing was held in December 2020, and January 2021. The issues before the court were (1) defendant's failure to make weekly payments, (2) defendant's failure to pay property taxes under the status quo order, (3) defendant's failure to pay Darian's credit card bills, which plaintiff paid to preserve Darian's credit, (4) defendant's failure to provide the deed to the Jamaica property, (5) defendant's trespass onto the Gaylord property and removal of snowmobiles awarded to plaintiff, and (6) plaintiff's request for attorney fees. Both parties testified, the parties stipulated that defendant owed $216,000 in outstanding weekly nonpayments, and they agreed to submit written closing arguments.

However, no further action was taken until October 2021, when plaintiff moved for the entry of orders and production of documents. She asserted that the parties entered a private settlement agreement ordering defendant to pay plaintiff $216,626.19 for all missed weekly payments and interest, and that the trial court asked plaintiff's counsel to prepare an order requiring defendant to produce his Amex records at the end of the evidentiary hearing. When plaintiff prepared the orders and presented them to defense counsel, he did not respond or object. However, defendant failed to pay or produce the documents. The parties appeared in court, and were ordered to submit written summaries of the outstanding issues, updated amounts owed, and proposed orders. On December 20, 2021, the court entered an opinion and order, adopting the proposed order submitted by plaintiff. The court determined that defendant owed plaintiff $67,626.19 of the $216,626.19 money judgment, plaintiff was owed the replacement costs of the missing snowmobiles, defendant was ordered to pay Darian's outstanding Amex statements as well as interest plaintiff paid on the accounts, defendant was ordered to pay the property taxes outstanding as of the signing of the settlement agreement, and the court awarded plaintiff attorney fees. Defendant appealed as of right the attorney fee award, and was granted leave to appeal the other portions of the opinion and order.

## II. ATTORNEY FEES

The trial court erred in awarding plaintiff attorney fees without making a finding of reasonableness. We therefore vacate the award of attorney fees and remand for an evidentiary hearing for the trial court to determine the reasonableness of the fees requested, and what amount, if any, plaintiff is entitled to.

The trial court's award of attorney fees is reviewed for an abuse of discretion. *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. Findings of fact underlying an award of attorney fees are reviewed for clear error, and underlying questions of law are reviewed de novo. *Brown v Home-Owners Ins Co*, 298 Mich App 678, 690; 828 NW2d 400 (2012). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Id*.

"The general 'American rule' is that attorney fees are not ordinarily recoverable unless a statute, court rule, or common-law exception provides the contrary." *Smith*, 418 Mich at 526 (quotation marks and citation omitted). Plaintiff requested attorney fees under MCR 3.206(C), but the subsection providing for attorney fees is actually located at MCR 3.206(D) (and has been since the first time plaintiff requested fees):

> (1) A party may, at any time, request that the court order the other party to pay all or part of the attorney fees and expenses related to the action or a specific proceeding, including a post-judgment proceeding.

> (2) A party who requests attorney fees and expenses must allege facts sufficient to show that:

> (a) the party is unable to bear the expense of the action, including the expense of engaging in discovery appropriate for the matter, and that the other party is able to pay, or

> (b) the attorney fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules.

When attorney fees are awarded, the amount is for reasonable attorney fees, not actual fees. *Smith*, 481 Mich at 528 n 12. The burden to prove that attorney fees are reasonable rests on the party claiming them. *Id*. at 528-529. If the reasonableness of a fee request is challenged, "it is incumbent" that the trial court conduct an evidentiary hearing to determine what services were actually rendered and the reasonableness of those services. *Souden v Souden*, 303 Mich App 406, 415; 844 NW2d 151 (2013). While there is no precise formula to determine reasonableness, the court must consider the following factors: (1) the skill, time, and labor involved; (2) the likelihood, if apparent to the client, that the acceptance of the employment will preclude other employment by the attorney; (3) the fee customarily charged in that locality for similar services; (4) the amount in question and the results achieved; (5) the expense incurred; (6) the time limitations imposed by the client or the circumstances; (7) the nature and length of the professional relationship with the

client; (8) the professional standing and experience of the attorney; and (9) whether the fee is fixed or contingent. *Smith*, 481 Mich at 529-530. The court should briefly discuss its review of the factors on the record. *Id*. at 529 n 14, 531.

If attorney fees are based on an hourly rate, the court must first determine the fee customarily charged in the locality for similar legal services, and may reference reliable surveys or other credible evidence. *Id*. at 530-531. The court should then multiply the rate by the reasonable number of hours, which serves as a starting point for a reasonable fee, as modified by the other relevant factors. *Id*. at 531, 533. The actual amount of fees requested may be considered but is not controlling. *In re Martin (After Remand)*, 205 Mich App 96, 109; 517 NW2d 749 (1994), rev'd on other grounds 450 Mich 204 (1995).

When plaintiff's counsel addressed attorney fees on the first day of the evidentiary hearing in December 2020, she said she had sent her bills to defense counsel in case he wanted to object, rather than going through each charge on the record. The court stated its obligation to determine the hourly rate and reasonableness in order to make an award, and suggested a "streamlined" process for the parties to follow—if the parties could stipulate to an hourly rate, they could exchange bills, redline the charges they disagreed with, and then return to court to discuss only the redlined, challenged bills. Counsel for both sides agreed to this procedure. However, after the evidentiary hearing concluded on January 14, 2021, it does not appear that this procedure was followed. It was not until October 5, 2021, that plaintiff moved for the entry of an order, and the parties were ordered to submit supplemental briefs and proposed orders by December 10, 2021. Plaintiff relied on Exhibit 7 admitted at the evidentiary hearing, which contained invoices from plaintiff's counsel dating back to 2018, totaling $109,602.54. Defendant asserted in his supplemental brief that plaintiff was not entitled to attorney fees under the provision of the judgment of divorce stating that each party was responsible for their own attorney fees, and that she had no need for attorney fees because he had paid her at least $606,000 in 2021.

Although defendant was given an opportunity to object to the amount of attorney fees plaintiff requested in his advisory brief, and he did not specifically assert that the $350 per hour rate was not reasonable, no evidentiary hearing was held to determine the proper hourly rate or assess the reasonableness of the fees. There is no evidence of a direct stipulation by defense counsel that $350 per hour was a reasonable hourly rate. Nor did the trial court make any record regarding the reasonableness of the fees, or consideration of the relevant factors. Rather, the opinion and order entered December 20, 2021, merely stated:

> Accordingly, the bills submitted, Plaintiff's post-judgment attorney's fees through November 2021 are $109,602.54 and the fees continue to accrue at a rate of $350 per hour. Defendant raised no objection to the hourly rate based on the attorney's experience and expertise. Estimating 10 additional hours at $350 per hour to prepare post-hearing submissions in December 2021, Plaintiff's attorney fees would be $113,102.54. Plaintiff has provided Defendant's American Express bills showing discretionary spending during the same time period that he was failing to make payments under the Settlement Agreement including, but not limited to, the weekly property Settlement Payments. Defendant was given no shortage of warnings to remain current on these obligations and continues, to this

day, to be untimely. As such, this Court finds that Plaintiff is entitled to her attorney fees.

The trial court awarded plaintiff her actual fees, the total amount indicated on her invoices, rather than making a reasonableness determination. This was improper.

Additionally, the consent judgment of divorce provided that "each party shall be responsible for the payment of their own attorney fees and costs, in connection with the Divorce Action, which fees and costs shall be paid prior to the Judgment date." Plaintiff filed for divorce on January 9, 2018, and the invoice plaintiff submitted dates back to January 18, 2018. However, the judgment of divorce was not entered until September 21, 2018. Thus, the trial court erred in awarding plaintiff attorney fees up through the date of entry of the judgment of divorce, which begins on page 16 of 39 of the bill invoices. Again, the court improperly awarded actual costs rather than making a reasonableness determination. The court should consider the language of the consent judgment on remand in determining plaintiff's eligibility for attorney fees and the proper amount, if any.

### III. SEVEN-DAY RULE

Defendant argues that the trial court entered the opinion and order in violation of MCR 2.602(B) because it did not follow the seven-day rule. We disagree.

An issue must be raised and addressed in the trial court to be preserved on appeal. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). Defendant did not allege a violation of MCR 2.602(B) in the trial court. Therefore, this issue is unpreserved. Review of an unpreserved error is for plain error affecting substantial rights. *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 442; 906 NW2d 482 (2017). "[A]n error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *Id*. at 443 (quotation marks and citation omitted).

MCR 2.602(B) provides that an order or judgment shall be entered by one of the following methods:

> (1) The court may sign the judgment or order at the time it grants the relief provided by the judgment or order.
>
> (2) The court shall sign the judgment or order when its form is approved by all the parties and if, in the court's determination, it comports with the court's decision.
>
> (3) Within 7 days after the granting of the judgment or order, or later if the court allows, a party may serve a copy of the proposed judgment or order on the other parties, with a notice to them that it will be submitted to the court for signing if no written objections to its accuracy or completeness are filed with the court clerk within 7 days after service of the notice. The party must file with the court clerk the notice and proof of service along with the proposed judgment or order. . . .

At the end of the second day of the evidentiary hearing, the parties agreed to submit written closing arguments. The trial court made no ruling from the bench, as defendant concedes in his brief on appeal. However, no further action was taken until October 5, 2021, when plaintiff moved for entry of the money judgment for $216,000 and an order requiring defendant to produce his Amex statements. Plaintiff asserted that her counsel prepared the orders and presented them to defense counsel, who did not respond or object. After the parties appeared on November 22, 2021, they were both ordered to submit written summaries of the outstanding issues, updated amounts owed, and proposed orders. The court cited no court rule in this order requiring the parties to submit proposed orders.

Defendant's assertion that the court violated MCR 2.602(B)(3) is a misinterpretation of the record. When the court ordered both parties to submit supplemental briefs and proposed orders, it was not "[w]ithin 7 days after the *granting* of the judgment or order." The court had not granted any relief at that point. It made no rulings at the evidentiary hearing. The evidentiary hearing ended with the parties agreeing to submit written closing arguments. Thus, the opinion and order entered on December 20, 2021 more appropriately falls under MCR 2.602(B)(1) because the court signed the order "at the time it grant[ed] the relief provided by the judgment or order." The court agreed with plaintiff's position, and adopted the proposed order that she submitted. This does not constitute plain error affecting defendant's substantial rights.

## IV. ENFORCEMENT OF THE PROPERTY DIVISION

Defendant argues that the trial court erred in ordering defendant to pay the outstanding marital debt at the time the judgment of divorce was entered, including outstanding property taxes and Darian's credit card bills. We disagree.

When reviewing a trial court's division of the marital estate, this Court first reviews the trial court's findings of fact under the clearly erroneous standard. *Hodge v Parks*, 303 Mich App 552, 554; 844 NW2d 189 (2014). A finding is clearly erroneous if, after a review of the entire record, the reviewing court is left with the definite and firm conviction that a mistake was made. *Johnson v Johnson*, 276 Mich App 1, 10-11; 739 NW2d 877 (2007). This Court gives special deference to the trial court's credibility determinations. *Id*. at 11. If the trial court's findings of fact are upheld, this Court must then determine whether the dispositive ruling was fair and equitable in light of those facts. *Sparks v Sparks*, 440 Mich 141, 151-152; 485 NW2d 893 (1992). The dispositional ruling is discretionary and should be affirmed unless this Court is left with the firm conviction that the division was inequitable. *Id*. at 152. This Court reviews de novo whether the trial court properly interpreted and applied the relevant court rules and statutes. *Pransky v Falcon Group, Inc*, 311 Mich App 164, 193; 874 NW2d 367 (2015). This Court also reviews de novo the proper construction of a judgment of divorce, *Neville v Neville*, 295 Mich App 460, 466; 812 NW2d 816 (2012), as well as any settlement agreements, *MacInnes v MacInnes*, 260 Mich App 280, 283; 677 NW2d 889 (2004).

Michigan circuit courts have jurisdiction to hear a complaint for divorce, MCL 552.6(1), and this subject-matter jurisdiction is limited to dissolution of the marriage and matters ancillary to dissolution, including the division of the marital estate, *Reed v Reed*, 265 Mich App 131, 158; 693 NW2d 825 (2005). A judgment of divorce must include a determination of the property rights of the parties. MCR 3.211(B)(3). Property divisions reached by the consent of the parties, and

finalized in writing or on the record, cannot be modified by the court. *Quade v Quade*, 238 Mich App 222, 226; 604 NW2d 778 (1999). Here, the parties entered the settlement agreement, which was incorporated by reference into the judgment of divorce. The court is bound to uphold such settlements and cannot set them aside absent fraud, duress, or mutual mistake. *Id*. The court, however, can clarify ambiguous language provided it does not change the substantive rights of the parties. *Bers v Bers*, 161 Mich App 457, 464; 411 NW2d 732 (1987).

Shortly after plaintiff filed for divorce, the court entered the ex parte order to maintain the financial status quo, providing:

> IT IS HEREBY ORDERED that the parties are to maintain the status quo as they did prior to the filing of Plaintiff's Verified Complaint for Divorce with regard to all financial matters and expenses relative to the parties, their minor child,[3] and the[] parties['] homes, including but not limited to food, clothing, educational expenses of the minor child, payment of the mortgage, insurances, utilities and taxes on the parties' homes, automobile payments, automobile insurance premiums, joint and individual credit card payments, joint and individual debts, health, medical and dental expenses and insurance premiums, life insurance premiums, taxes, etc., while this matter is pending or until further order of this court.

Regarding personal debt, Article 8 of the parties' settlement agreement provided:

> Husband shall be solely responsible for payment of all marital debt of the parties and shall indemnify, defend and hold Wife harmless thereon.

> \* \* \*

> Husband shall be solely responsible for any and all taxes due and owing to any taxing authority in his individual name or Wife's individual name, as well as any and all liabilities relative to the parties' joint tax returns filed during their marriage, and Husband shall defend, indemnify and hold Wife harmless thereon for tax years 2016, 2017, and 2018. . . .

Despite the clear and unambiguous language of the ex parte order and Article 8 of the settlement agreement, defendant argues that he did not have to pay the delinquent property taxes on the parties' properties outstanding at the time the judgment of divorce was entered because within each specific award of property in the settlement agreement, there included the clause that the party awarded that property "shall assume and pay all liabilities on the [awarded] property, including . . . taxes, . . . and shall indemnify, defend and hold [the other party] harmless therefor." However, when read in context, this language in each property award referred to any tax liability incurred *after* the settlement agreement and judgment of divorce was entered. This interpretation is supported by the language of Article 12, which provided that "[e]ach party is solely liable for

---

[3] At the time plaintiff filed for divorce and this order was entered, Darian had already reached the age of majority, so the "minor child" referred to is the parties' second daughter Makayla.

any tax liability relative to any asset which they have been awarded in the Judgment and this Agreement. The parties acknowledge that they have considered all of the tax consequences of the division of the assets contained herein and accept the consequences thereof." This same language was included in the judgment of divorce, and the settlement agreement was incorporated by reference. The judgment of divorce also preserved any claims under the status quo order.

"Consent judgments of divorce are contracts and treated as such." *Andrusz v Andrusz*, 320 Mich App 445, 452; 904 NW2d 636 (2017). "Unambiguous contracts must simply be enforced as they are written." *Id*. at 453. As such, the trial court did not err when it determined that defendant's interpretation of the settlement agreement was inconsistent with the provision in the judgment of divorce preserving claims for status quo violations, and that defendant should have paid the delinquent property taxes under the status quo order. Therefore, the trial court properly granted plaintiff's motion to enforce the judgment of divorce by ordering defendant to pay the outstanding property taxes on the real estate awarded to plaintiff in the settlement agreement.

Regarding the outstanding bills on Darian's Amex cards, the settlement agreement provided:

> Husband shall be solely responsible for payment of the Child, Darian's, American Express credit card balance prior to the date of this Agreement, and shall indemnify, defend and hold Wife harmless thereon.

Trial courts presiding over divorce proceedings generally do not have authority to adjudicate the rights of third parties—jurisdiction is limited to determining the rights of the previously married parties. *Estes v Titus*, 481 Mich 573, 582-583; 751 NW2d 493 (2008). The rights of third parties may only be adjudicated in a divorce when the third party conspired with one spouse to defraud the other spouse of a property interest. *Id*. at 583. "[T]he trial court lacks the authority to compel a party to convey property or a property interest to a third person, even a child of the parties, or to adjudicate the claims of third parties." *Reed*, 265 Mich App at 158 (quotation marks and citations omitted).

Defendant argues that the trial court erred in ordering him to pay the outstanding balance on Darian's cards because she is an adult and a third party to the divorce proceedings. However, the settlement agreement unambiguously ordered him to pay off these balances. Moreover, plaintiff testified at the evidentiary hearing that she was paying the accrued interest on the card to prevent damage to her and Darian's credit scores, which only continued to accrue as a result of defendant's nonpayment. Therefore, the trial court properly granted plaintiff's motion to enforce the judgment of divorce by ordering defendant to pay off the outstanding amounts on Darian's Amex cards as well as any accrued interest that plaintiff had paid and would continue to pay until the balances were paid off.

## V. HEARSAY

The trial court's reference to plaintiff's hearsay testimony in the opinion and order was harmless error, and the trial court properly awarded plaintiff reimbursement for the missing snowmobiles.

The standards of review applicable to a property division and the interpretation of the consent judgment of divorce and settlement agreement provided in the previous issue apply to this issue as well. Additionally, a trial court's decision whether to admit evidence is reviewed for an abuse of discretion. *Mueller v Brannigan Bros Restaurants & Taverns, LLC*, 323 Mich App 566, 571; 918 NW2d 545 (2018).

At the evidentiary hearing, plaintiff testified that the pole barn at the Gaylord property was broken into and three snowmobiles she was awarded in the settlement agreement were missing. She testified that when she contacted the Michigan State Police, she was advised by an officer who had contact with defendant that he had the vehicles in his possession and claimed ownership of them. Defense counsel objected to this testimony as hearsay, plaintiff's counsel agreed and said she would redirect the question, and the court sustained the objection. Although the evidence was stricken, the opinion and order provided:

> Plaintiff reported the missing snowmobiles to the police, who interviewed Defendant. The police told Plaintiff that Defendant admitted to taking them.

> Defendant denied removing the snowmobiles, but testified the snowmobiles belonged to the parties' daughters and not Plaintiff.

"An error is harmless if it did not affect the outcome of the proceeding." *Matter of Moriconi*, 337 Mich App 515, 522; 977 NW2d 583 (2021) (quotation marks and citation omitted). See also MCR 2.613(A) ("an error in a ruling or order, . . . is not ground for . . . vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take this action appears to the court inconsistent with substantial justice."). The trial court's reference to the stricken testimony in the opinion and order is harmless error because it did not affect the outcome of the proceeding. Although the hearsay testimony was stricken, it was included in the opinion and order as a summary of the parties' testimony, and followed by defendant's testimony denying taking the snowmobiles. The trial court had sufficient evidence to award plaintiff reimbursement for the value of the snowmobiles. She was clearly awarded the three snowmobiles at issue in the settlement agreement. Plaintiff testified that the snowmobiles were missing from the Gaylord property since the last time she visited the property. Thus, under the unambiguous award of the snowmobiles to plaintiff in the settlement agreement, the trial court did not err in ordering defendant to pay to plaintiff the actual replacement costs.

## VI. CONCLUSION

In Docket No. 359878, we vacate the December 20, 2021 opinion and order regarding attorney fees, and remand for an evidentiary hearing for the court to determine the reasonableness of plaintiff's attorney fee request, if any. We retain jurisdiction. In Docket No. 361857, we affirm the same opinion and order in all other respects.

/s/ Jane E. Markey
/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly

# Court of Appeals, State of Michigan

# ORDER

Mandy Mae O'Neil v Jeremy Brandon O'Neil

Docket No.   359878; 361857

LC No.   2018-000197-DM

Jane E. Markey
Presiding Judge

Kathleen Jansen

Kirsten Frank Kelly
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 35 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, in Docket No. 359878, we vacate the December 20, 2021 opinion and order regarding attorney fees, and remand for an evidentiary hearing for the court to determine the reasonableness of plaintiff's attorney fee request, if any. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

_Jane E. Markey_
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

June 29, 2023
Date

_Jerome W. Zimmer Jr._
Chief Clerk